UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARVIN W. MILLSAPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:13CV1017 |
| ) | |
| LIEUTENANT LEWIS SMITH, ) | |
| ) | |
| Respondent, ) | |
| ) | |

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, previously submitted the forms for a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody together with an application to proceed *in forma pauperis*. Those forms did not contain any actual claims for relief. However, because Petitioner was convicted and sentenced in the Superior Court of Iredell County, within the territorial jurisdiction of the United States District Court for the Western District of North Carolina, and because Petitioner was housed at that time in Anson County, also in the Western District of North Carolina, the undersigned Magistrate Judge entered a Recommendation [Doc. #3] that the matter be transferred to the Western District of North Carolina.

Before the Recommendation could be ruled upon, Petitioner made several further filings, including what the Court treated as a proposed Amended Petition [Doc. #8], a Declaration for Entry of Default [Doc. #10], and a Memorandum [Doc. #11] supporting

-1-

his Petition. In those documents, Petitioner sets out his proposed claims for relief. However, these claims are not challenges to his convictions, but instead involve alleged violations of his federal constitutional and statutory rights. Petitioner names several Defendants and alleges that he did not receive proper medical care, that Defendants violated his rights under the Americans with Disabilities Act, that he was beaten and subjected to unsafe conditions and sexual discrimination, and that Defendants retaliated against him for exercising his rights under the First Amendment of the United States Constitution. He seeks injunctive relief ordering Defendants to stop the alleged violations, as well as compensatory and punitive damages. Finally, Petitioner claims in his Declaration that Defendants failed to respond to his filings and that the Court should, therefore, make an entry of default against them.[1]

In reviewing Petitioner's subsequent filings, it now appears that Petitioner's lawsuit is not an attack on his conviction or sentence, but an attempt to allege violations of his civil rights and to seek damages and injunctive relief. Such relief is not available under § 2254. Instead, Petitioner would have to seek relief under 42 U.S.C. § 1983. To the extent that Petitioner may intend to proceed under § 1983, it appears that at least some of the alleged actions occurred in this District and at least some of the potential Defendants appear to be located here. Therefore, the undersigned will withdraw the prior Recommendation that the case be transferred and will instead enter a new Recommendation in light of the nature of Petitioner's more recent filings.

---

[1] The Court never ordered service of Defendants in this matter. Therefore, they were never required to file any responsive pleading to Petitioner's filings and no entry of default is proper.

Here, Petitioner has not set out his claims on the proper forms for bringing a claim under § 1983, nor are the claims otherwise set out in a way that would allow the Court to consider them as required by 28 U.S.C. § 1915A. Therefore, the case should be dismissed without prejudice to Petitioner filing his claims using the proper forms. The Clerk will provide Petitioner new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).[2]

IT IS THEREFORE ORDERED that the Recommendation [Doc. #3] that the case be transferred to the Western District of North Carolina is withdrawn.

IT IS FURTHER ORDERED that the Clerk is instructed to send Petitioner § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

---

[2] The Court notes that Petitioner has had three cases filed under § 1983 dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. See Millsaps v. Horton, No. 1:13CV206 (M.D.N.C. Nov. 17, 2015) (unpublished); Millsaps v. Franks, No. 5:12-cv-203-RJC (W.D.N.C. Jan. 15, 2013) (unpublished); Millsaps v. Smith, No. 5:12-cv-204-RJC (W.D.N.C. Jan. 15, 2013) (unpublished). Accordingly, under 28 U.S.C. § 1915(g), Petitioner cannot proceed *in forma pauperis* unless he demonstrates that he is under imminent danger of serious physical injury. His current allegations do not demonstrate this. Therefore, unless he is under imminent danger of serious physical injury, he will have to pay the entire $400.00 filing fee in order to file his claims.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 22nd day of April, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge